# CIRCUIT COURT OF THE CITY OF RICHMOND

Iris D. Macon

v.

Hartwell C. Macon, Sr.,
and Dorothy Pemberton Macon

September 30, 2011

Case No. CL11-3496

By Judge Melvin R. Hughes, Jr.

On September 16, 2011, David Ellington moved to intervene in this case. The case relates to a Complaint filed on June 2, 2009, (Case No. CL09-2426) by Hartwell C. Macon, Sr., and Dorothy Pemberton Macon against the unknown Heirs, Devisees, and Successors in Title of Thomas J. Ellington. In that case, plaintiffs sought to have Dorothy Macon declared sole heir to real property located in Richmond, Virginia, and other relief. The unknown defendants were served by an Order of Publication. In a Final Decree dated October 27, 2009, Judge Markow determined that no defendants had appeared to protect their interests and declared Dorothy Macon as sole owner of the property at issue.

On November 25, 2009, Iris D. Macon filed a Notice of Appeal, which she subsequently withdrew in February 2, 2010. On December 18, 2009, Iris Macon filed a Verified Motion to Vacate Final Decree, Motion for Leave to Intervene, and Motion for Sanctions. In her filing, Iris Macon claimed that she had an interest in the property because she conveyed the land to herself pursuant to Ellington's wishes under a general power of attorney executed by Ellington before his death. However, the court, Judge Markow, by an order dated September 10, 2010, determined that Iris Macon had no standing to intervene "because she had no interest in the subject matter," and her motions were dismissed with prejudice. Iris Macon subsequently filed a Motion to Re-Open the Case on May 6, 2011. On May 13, 2011, Judge Markow issued a Final Order Dismissing the Motion to Re-Open the Case finding the doctrine of res judicata was a bar to plaintiff's claims under the September 10, 2010, final order.

On July 21, 2011, Iris Macon filed a Verified Complaint and Motion for Temporary Injunction in this case, Case No. CL11-3496, seeking to vacate the Final Decree in the previous case. The court denied injunctive relief and the motion to vacate the final judgment order for reasons of *res judicata* as stated in the court's prior order.

Now, Ellington, who was served by publication in the first case, seeks to intervene claiming an interest in the subject property at issue in the first case, as well as this case, where Iris Macon had claimed a similar interest after this judge's earlier ruling which also applied the bar of *res judicata*. The court ruled that, due to the rulings in this and the first case, Ellington has no standing for intervention but was free to invoke Va. Code § 8.01-322 within the applicable period of time relating to the first proceeding as he was served by an order of publication.

During the intervention hearing, the court was advised that a final order implementing the *res judicata* ruling in this proceeding had not been forwarded on to the court by opposing counsel after defendants' counsel provided the draft for endorsement as directed by the court.

Upon this ruling, defendants request sanctions under Va. Code § 8.01-271.1. The court will deny the motion. Here, as noted, while the motion is not well taken, the proper course would be to seek to reopen the prior case as a party who was served by publication. The statute permits a rehearing within generally a two-year period, subject to certain conditions. *See* Virginia Code § 8.01-322. Ellington is more closely aligned with the issues in the first proceeding as an unknown heir, devisee, etc. having been served by publication.

Sanctions would not be in order in this case because Ellington has procedurally misapprehended the proper course to take to assert his interests, which are integral to the issues raised in the first case.

Accordingly, the court will enter the order Mr. Lewis was directed to provide, just received, implementing the ruling in this case.